um may it please the court I am counsel for the plaintiffs Paul Daniels and his wife and co-plaintiff Nanette Dillard I'd like to reserve seven minutes today for a rebuttal the real key question here today is whether this panel should create a circuit split by rejecting the blue the reasoning of the blue opinion from the 11th Circuit well counsel that's an interesting way to phrase the question but isn't the question it hasn't that circuit split already been created by our by our prior opinion I would say it is it's not written in stone much of the a police brief was devoted to arguing that this panel was to to adopt the logic of blue I would say that's not the case what we had in a Wabdi was a passing dicta statement that did not reflect consideration of the issue not before the court in a Wabdi was whether was whether a state court rule such as the Monroe rule from Georgia or the interim adverse judgment in California could be applied to simply bar a party from arguing that they had been prosecuted without counsel how do you how do you get out of a Wabdi that this is dicta we've got I get out of a Wabdi that it's dicta is that the question of whether a state court rule should be applied had no impact on the be applied in a rebuttable presumption or an irrebuttable presumption the panel held that it was a rebuttable presumption and in so holding they didn't you know focus on a particular state court rule they looked at national treatises they looked at Second Circuit opinions counsel I'm holding the Wabdi right here I'm looking at page 1067 in California as in virtually every other jurisdiction long-standing principle of common law citing case after case including from California and citing Wittgen how do you get out of that that that they weren't that they weren't looking to California law they looked to California law along with national treatises and along with Second Circuit law so they looked at law from a variety of places sort of created a federal rule and came to the conclusion that there was a really appreciate if you look at the case with me and tell me what paragraph you're citing from because I don't see the argument at all the argument is that they looked at law from all over the country so I'm looking at the case I don't think that your description of the case matches the paragraphs that I am looking at I would appreciate if you could if you could point to the paragraph and the page where you think it supports your argument because I don't see it the point is that the statement is there I do not question that the statement is there my point is that the holding was for was to reinstate so that makes it dicta and that the court relied upon law from all over the country including the Second Circuit and I think that's what's important and with regard to with the other point I wanted to emphasize in this so so I don't think no I don't think the court's hands are tied I don't think the court is in a position where we are are you aware even if it were dicta the Ninth Circuit has a specific rule that reason dicta is still binding on on a subsequent panel absolutely but you don't even think this was reason dicta it wasn't reason dicta in a where the question was where the question was the question that in a Wabdi was whether or not the the presumption was rebuttable or irrebuttable that was the question and that panel held for the plaintiff and reinstated the case it did not have the situation that you had for example in blue where the case had been dismissed based on a state court rule and the question was could the state rule be applied in a inflexible fashion to throw out the case it was the result here was that the that the case was reinstated and that makes this dicta and I don't think therefore that we need an en banc hearing to reverse this I think the court should look at the merits counsel can I ask you so you have you miss Dillard and Mr. Daniels miss Dillard was still convicted even on appeal of count six falsifying documentary evidence does that doom this case her case no matter what because her conviction was upheld her conviction is different of course she she prevailed with respect to five counts and was say that the one on which was convicted was not as serious but it was a felony so as to any malicious prosecution claim yes that would she has she's not asserting one because she if she asserted it it would be doomed not true with respect to retaliatory prosecution for the reasons set forth in the briefing particularly page 17 of the reply brief but yes she can't bring she cannot bring a malicious prosecution case when she had was unsuccessful with regard to count six now as to those that were reversed you agree that none of them were reversed based on you know factual innocence meaning they were reversed for legal basically that the state law was preempted I would not adopt that characterization what's important about the ones that were reversed is that the very filing of those charges violated the Supremacy Clause of the United States Constitution and they were void ab initio which means that they were brought without probable cause you can't have a a count that's brought with probable cause when filing it injures the Department of Health and Human Services a federal department and the filing is unconstitutional as a constant is it violates the Constitution unto itself if we were to remand this case to the district court should the district court make a separate determination as to whether the California Court of Appeal decision is correct a fascinating question that I that I have not considered because this seemed to be I don't see that I when I read the California Court of Appeal decision I thought it was interesting it wasn't immediately apparent to me that it was correct but I thought it was certainly plausible but I'd certainly like to think about it a lot more but it also struck me that this was the California Court of Appeal was this was a novel question this is a question that had not been resolved and I don't know how the DA was supposed to have figured this out if nobody else had figured this out until it got up on appeal well that's a really interesting question and I don't think there's anything wrong I'm thinking about it I don't suppose that the district court is bound I'd have to think about whether there's some collateral estoppel effect or the fact that the the fact that the losing parties and the California First District Court of Appeal never filed the petition for review I mean it's interesting I'd need to look and see whether some of the had a preclusive effect so I'd really need to think about that that I'd be happy to submit a an additional brief on that if the court would find that interesting obviously the district court isn't bound as a matter of law by the conclusions of the state court although she seemed to think that she had to import the entire law of the state of California but I I don't know about that I think that the First District Court of Appeal was correct I have no doubt about that they went off on the idea of obstacle preclusion they felt that the problem was that the that the prosecutor in Alameda County had interfered with the federal department I thought there were some some up some even better theories for this but in any event there are a lot of different kinds of supremacy clause arguments one can make it's an interesting question whether the federal judge should get a should get a bite of that that one and then if it has to come back up here and this court can look at the supremacy clause argument then it will but that's that's that's an interesting question and I'd be happy to take a look at you know whether the procedural omissions you're not so are that a you're only suing you're only suing people that you that you allege interfered with or encouraged the DA to file these charges true if we were to send this back how would we measure the question of them of good faith by the DA and or the defendants here in encouraging a prosecution of a novel suit that's that one is factual it would be very very interesting to see what actually happened you know because because we never got any discovery we don't know what they actually did and that sort of brings us back to the Park v. Thompson case we never we never they have all the information they're obviously very nervous about it because they were you know they were immediately looking for some kind of a an order preventing the public from finding out what happened when we had discovery but I think we need to see what they actually did you know and the norm in these cases norm in all cases is you allege is legally sufficient then you get some discovery and I think we need to find out what they actually did I mean we one of the defendants said that he was going to contact the DA and have my client prosecuted and my client was prosecuted what they all said how hard the DA pushed back we know we learned we did learn that the DA's was reluctant and felt they were operating under political pressure let's see what actually happened okay so you want to reserve the remainder thank you okay thank you miss Golub you may proceed good morning your honors I'm Joe Golub from Pecker Van Ness and Peters on behalf of the appellees may it please the court what the appellee appellants excuse me are asking the court to do is actually pretty extraordinary at its core I believe the argument is that the court should disregard the presumption of regularity that attaches to the judgment and training of the deputy district attorney and that attorneys superiors and managers and colleagues and the determination of the jury and instead based on generalized allegations of political pressure and some sensational accusations about unrelated claims of misdeeds determined that a state court case prosecuted nine years ago lacked probable cause and in arguing for that result appellants are asking the court to do two things that I don't believe the Ninth Circuit has ever done before the first being to decide that when a state conviction is overturned on appeal on federal preemption grounds that that renders the conviction void in a manner that eviscerates the presumption of probable cause and attack that attaches to a prosecution and conviction and then the second thing would be instead of following decades of settled Ninth Circuit precedent not just starting with a Wabdi but going back to Usher in 1987 continuing through a Wabdi in 2004 and onward to the Mills case recently in 2019 as well as a litany of district court cases that follow that line to choose instead to follow an 11th Circuit case that isn't even on all fours with the facts of this case in fact in order for appellants to prevail they not only have to persuade the court of all of that they also have to clear a number of in its entirety that he lacked that his lack of alleging that he exercised his First Amendment rights isn't a problem for the complaint they have to address the time bar problem that they have with the retaliatory prosecution case and they need to address the lack of municipal liability under Manel we contend that appellants can't clear any of those hurdles let alone all of them and for the case to proceed they need to clear all of them I'd like to address just a couple of questions that came up and items that came up in terms of factual innocence I believe Judge Nelson asked about that question I think that the law of the circuit is settled that factual innocence must be demonstrated and not just a reversal based on preemption grounds and in addition the question that Judge Bidey had about whether we need to consider whether the DA would have known ahead of time that his case was preempted I think that that is a problem and that there's no way that the DA could have known that it was a very complicated federal preemption issue I think that there is a chance that the Court of Appeal may not have gotten that right but they certainly spent dozens of pages talking about it and figuring it out. Ms. Gollum, isn't that a factual issue though as to what what the district attorney would have known or should have known I mean it may well be as difficult as you suggest it may be novel but it seems like for us to say as a matter of law he couldn't have known that it's probably beyond what we can do it seems like would be factual. That may be right your honor the the question is whether there was probable cause at the initiation of the prosecution and if you look at the charging document which is summarized in the Court of Appeal decision there are facts there that that support each of the counts and so I do not think that you need to get into a factual determination because probable cause is something that the court can decide at this stage. What if it what if it had been a more clear question though say there was you had the same situation but well say you have a new case that rises under the same facts you got the California Court of Appeals decision that's now decided this and the prosecutor decides to bring the same case you know against new new defendants would would he still have probable cause or would the position there be no he should have been on notice because of the of the prior Court of Appeals decision on preemption. I think that if there's a California Court of Appeals decision already on record stating that a penal code charge related to the AFI specifically the AFI Act specifically is preempted under federal law and at in that situation the district attorney nevertheless went forward I first of all think that that would be litigated in front of the court but I think that you would have a very different situation because at that point there would be law on record it would not be a novel issue that had never been addressed by the courts before. Ms. Golub let me ask you this if the facts of the case would fit a violation of California law which it seems like this did because they were convicted is preemption by another sovereign an affirmative defense is it an element of the crime that the prosecutor would have to have somehow addressed preemption or is that really an affirmative defense because the facts certainly made a violation of California law so there's not any question about that it's just that we find out that it's preempted but that seems I mean at least conceptually it seems like an affirmative defense not an element of the crime. I believe you're correct Judge Whaley I think that preemption would not get incorporated into the elements of the crime but would rather be an affirmative defense that would be raised by the defendant. And that was raised in the trial court the preemption I guess? That's not in the this question of probable cause is an important question but it is also only one of the questions and as I said before there are multiple hurdles that the appellants need to get over in order for the case to proceed and I do not believe that they can get over this one or any of the others either. Let me ask you one other question I have another question we deal with probable cause a man decides to arrest someone and then we have probable cause that seems to be at a different level by a prosecutor but is the the mental state that I can certainly see a detective going out and arresting someone based upon the allegations of against the defendants in this case is there a different probable cause analysis at the actual prosecution stage as opposed to at the arrest stage or you use the same tools? I don't think that it's it's complicated because although we're talking about the same words probable cause it's not necessarily the same standard and I think that in this situation where you're talking about probable cause in the malicious prosecution scheme what you need to know is that simply being called to answer and having a magistrate or other judge determine that that a defendant should be called to answer for charges establishes a prima facie case of probable cause and it can then be rebutted by showing a fraud or corruption but it's a prima facie case and if then there's a conviction then that bumps the presumption up even higher and requires even more of a showing that there is fraud that undermined the probable cause. Unless the court has other questions, appellees respectfully request the court affirm the district courts dismissal. Thank you for your time. Thank you counsel and Ms. Grayson you may proceed with rebuttal. Yes, the court asked whether... Ms. Grayson would you address the portion of the district courts opinion that the allegations of wrongdoing by individuals was insufficient and if if you think that your allegations of wrongdoing by the individual defendants differs from one defendant to the other that some of them you think it may not be sufficient but for others it may be together but the district court went through and sort of named individual defendants as to where they found the allegations were insufficient. Well the supervisors Miley and Haggerty are the strongest. Haggerty said that he would have my client prosecuted for what happened at ACAP and lo and behold it happened and as for Miley he had a very strong very strong reasons to go after my client. My client had discovered that he had taken public funds and moved them around and asked for an accounting. Then my client went after both went after the Alameda Board of Supervisors and these two individuals who were on the ACAP board for wrongfully having her dismissed. They had to settle the case. Are you limiting your remarks to what's alleged in the complaint because that's what the judge was looking at. Yeah that's that's all in the complaint there's about 11 pages of factual allegations and they go through the entire history of my client with these defendants and the reasons why these can these defendants would wish to retaliate. So yes all of that is in the complaint. But the judge found that a lot of those general allegations weren't specific to an individual defendant. More specific to the allegations in Clark and actually not Clark Park. In Park v. Thompson there are allegations that some DOE contacted a local police officer who was also who was also unidentified and that somehow whatever that mode of communication was it induced the local police to charge the person who was supposed to become a witness who therefore took the fifth of this trial. They're definitely more specific than the allegations in Park and and the court this court in Park remanded and said you can make these allegations on information and belief. You could say that the person who made the critical phone call was maybe a DOE was unidentified and you still get your discovery to find out what happened with the facts. So I would say that under Park they are certainly sufficient and and we also have the statement by the direct statement by the Deputy District Attorney that they were going forward reluctantly in response to political pressure. So I think that is sufficient. A couple of other things I'd like to mention the preemption issue was was raised in the trial of the underlying the underlying trial the criminal trial. So can I ask you about that? I take it it was raised before trial right? It wasn't raised after. Absolutely it had to be raised. All right right but but the district court then rejects it. Doesn't that sort of undermine your argument that it wasn't probable cause because at that point they have a the only court that had currently heard it that let this let these proceed. It happened very quickly. The the trial judge I guess he was maybe in a frame of mind we expected to go forward. He rejected it without any real without any extensive discussion and it was a mistake and the First District Court of Appeal found that to be reversible error. It looks like I have nine seconds. Well actually it's counting upwards so you're done if you need to make a conclusion. I'd just like to make a couple of points very briefly. One of them is that this has been this has been discussed as if it were qualified immunity with the police. That the as if the issue was whether the district attorney who isn't even a defendant here should have known that there was a problem with preemption and that really has nothing to do with it. It's not qualified immunity. It's not what the district attorney should have known. It's simply whether in the criminal trial it was they had no business to bring these had no business to bring these charges because because there was federal preemption and we shouldn't assume that is a factual matter. They knew nothing because the district attorney did need to go to the presumably contacted the Federal Department of Health and Human Services and it was explained to them that under the civil revel regulations which were violated nobody was prosecuted nobody was held liable. Counsel you're out of time so thank you thank you both for well well done arguments and that is the final case for the day it's now submitted and the court is in recess. Thank you. Thank you.
judges: Bybee, Whaley, Nelson